Morris & Co. v. Heitman Lithograph Co., 201 Ill. App. 526.

## Abstract of the Decision.

CIVIL SERVICE, § 30*—*when reinstated assistant county agent not entitled to position of first assistant.* Where, in obedience to a writ of mandamus, the petitioner was reinstated as assistant county agent and subsequently, as the result of an examination, an assistant other than the petitioner, receiving the highest mark, was certified by the civil service commission to the position of first assistant, *held* that though the petitioner, prior to his unlawful discharge, had performed duties subsequently performed by the first assistant so appointed, a rule on the defendants to show cause why they should not be punished for contempt for not reinstating the petitioner as first assistant was properly discharged, since the examination which the petitioner originally took was for the performance of the duties of superintendent of substations and not for a general supervisory position, and it was clearly within the power of the civil service commission to reclassify and regrade the positions of assistant county agents to provide for the position of first assistant county agent.

## Morris & Company, Defendant in Error, v. Heitman Lithograph Company, Plaintiff in Error.

### Gen. No. 21,165.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed. Opinion filed October 18, 1916.

## Statement of the Case.

Action by Morris & Company, a corporation, plaintiff, against the Heitman Lithograph Company, defendant, for damages for breach of an alleged contract to furnish advertising hangers to the plaintiff. To review a judgment for plaintiff, defendant prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

P. H. BISHOP, for plaintiff in error.

M. W. BORDERS and N. G. COLLINS, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 9*—*when letter does not constitute confirmation of oral contract.* A letter written by the plaintiff to the defendant, *held* to be an order for lithographic advertising hangers, which was not accepted by the defendant and was not a confirmation of an oral contract previously entered into by the parties, as it contained essential terms and stipulations, such as that time was of the essence of the contract and that the hangers as produced by the defendant must be perfect and to the entire satisfaction of the plaintiff, which terms the plaintiff had not contended were contained in the oral contract, and further that the oral contract, claimed to have been entered into by the plaintiff with a solicitor of the defendant, contained terms so essentially different from and more burdensome on the defendant than those contained in a bid previously submitted by the defendant to the plaintiff as to render it improbable that it was in fact ever entered into by the parties.

---

### Page-Davis Company, Appellant, v. John P. Shaddock, Appellee.

### Gen. No. 21,226.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed October 18, 1916.

### Statement of the Case.

Action by Page-Davis Company, a corporation, plaintiff, against John P. Shaddock, defendant, for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.